1  TODD W. BURNS
   California State Bar No. 194937
2  Burns & Cohan, Attorneys at Law
   1350 Columbia Street, Suite 600
3  San Diego, California  92101
   Telephone:  (619) 236-0244
4  todd@burnsandcohan.com

5  EMILY CROWLEY
   California State Bar No. 271280
6  Crowley Law Group
   401 West A Street, Suite 925
7  San Diego, California  92101
   Telephone:  (619) 238-5700
8  emilycrowleysd@gmail.com

9  Attorneys for Border Patrol Agent Anonymous, Plaintiff

10

11              **UNITED STATES DISTRICT COURT**

12             **SOUTHERN DISTRICT OF CALIFORNIA**

13  BORDER PATROL AGENT            )   Case No. 16- cv-0725 (BLM)
    ANONYMOUS,                     )   [Related to 16-cv-0374, 16-cv-0750,
14                                 )   16-cv-0797]
                 Plaintiff,        )
15                                 )
         vs.                       )
16                                 )   **FIRST AMENDED**
    UNITED STATES OF AMERICA,      )   **COMPLAINT FOR DAMAGES**
17  JEH JOHNSON,                   )   **AND DEMAND FOR JURY**
    ARMANDO GONZALEZ, AND          )   **TRIAL**
18  DOES 1-25,                     )
                                   )
19               Defendants.       )
                                   )

20

21  Plaintiff alleges:[1]

22            **JURISDICTION AND VENUE**

23       1.  This action arises under the United States Constitution (*see, e.g., Bivens v.*

24  *Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)); the Federal Tort

25  _____

26       [1]  This first amended complaint was drafted in light of the Court's December
    14, 2016 order (docket #22).  Among other changes, causes of action four, eleven,
27  twelve, and thirteen from the original complaint do not appear herein, and causes five
    through ten from the original complaint are numbered as four through nine herein.
28

Claims Act, 28 U.S.C. §§1346(b) and 2671 *et seq.*; and California law (which claims are raised under the Court's supplemental jurisdiction).

2. This Court has original jurisdiction under 28 U.S.C. §1331.

3. Jurisdiction against Defendants Armando Gonzalez and Doe Defendants in their individual capacities for violation of Plaintiff's constitutional rights is based on 28 U.S.C. §§1331 and 1367(a).

4. Venue is proper in the Southern District of California because Plaintiff resides in that district and the conduct underlying her claims occurred in San Diego County. *See* 28 U.S.C. §1391.

5. Plaintiff has exhausted all administrative procedures required to be exhausted before bringing this lawsuit.

**PARTIES**

6. Plaintiff was, at all times relevant to this lawsuit, a resident of the State of California, County of San Diego, and a citizen of the United States. She is presently a United States Border Patrol Agent, a job she has held for nearly ten years.

7. Defendant United States of America is a sovereign governmental entity but has waived its sovereign immunity and has consented to being sued under the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671 *et seq.* At all times relevant to this lawsuit, the United States Customs and Border Patrol (CBP) and Border Patrol (USBP) were sub-agencies of the Department of Homeland Security (DHS), which in turn is an agency of Defendant United States. In addition, at all times relevant hereto the Federal Bureau of Investigation was an agency of the United States.

8. Defendant Armando Gonzalez was, at all times relevant to this lawsuit, employed by the United States Border Patrol as a Supervisory Border Patrol Agent, and acted, in full or in relevant part, in an official capacity, within the scope of his employment, and under color of law.

9. Defendant Jeh Johnson is the Secretary of the Department of Homeland Security and is sued herein in his official capacity.

2

10.   Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Does 1 to 25, thus they are sued under such fictitious names. Plaintiff will seek leave to amend the complaint to allege such names and capacities as soon as they are ascertained.

## FACTUAL ALLEGATIONS

11.   From approximately December 2012 until December 2014, Plaintiff worked as a member of the Border Patrol's Critical Incident Investigative Team (CIIT), out of the CIIT office at the Chula Vista, California Border Patrol Station. During that entire time, Defendant Gonzalez was a Supervisory Border Patrol Agent and was one of Plaintiff's two direct supervisors.

12.   The CIIT office at that location had one restroom for the women employees, which was not publicly accessible.  That women's restroom doubled as a changing room for the female members of the CIIT.  The restroom has one toilet located adjacent to a sink, and there is a drain located on the floor of the restroom. At all times herein mentioned, Plaintiff used the women's restroom in the CIIT office every workday both as a toilet and a changing room to change between her civilian clothes and work uniform.

13.  Beginning on or before July 2013, and continuing until January 9, 2015, Defendant Gonzalez placed and maintained a motion-activated video camera in the drain on the floor of the Chula Vista CIIT's women's restroom.

14.   That was a location in which an individual has a reasonable, and thus constitutionally and legally protected, privacy interest and expectation of privacy, and the video camera was put in a place that assured that it would capture the most sensitive and private images imaginable, thereby violating the privacy interests and expectation of privacy of Plaintiff and others.  Defendant Gonzalez chose that location intending to capture video of the women Border Patrol Agents who used that restroom.

//

3

15.  On several occasions prior to January 9, 2015, Plaintiff saw Defendant Gonzalez entering the women's restroom in the CIIT office to remove the drain cover of the restroom, purportedly to work on mitigating a foul odor that emanated from the drain.

16.  On several occasions prior to January 9, 2015, Defendant Gonzalez ordered Plaintiff to do things, such as to change into her Border Patrol uniform or to leave the station for work assignments, so that he had the unencumbered opportunity to place the video camera in the drain, capture video images of Plaintiff, retrieve the video camera from the drain, or view and distribute the captured video images.

17.  Throughout the relevant time period, there was no warrant or any legally adequate justification for placing the video camera in the women's restroom.

18.  Throughout the relevant time period, video images of the Plaintiff and several other female law enforcement officers were captured as they used the women's restroom.  That video captured the most private and sensitive images imaginable.

19.  Defendant Gonzalez repeatedly retrieved, stored, viewed, and edited those videos throughout the relevant time period, and he attached names to the video files that allowed him to quickly recognize the files, return to them, and view them again.

20.  Defendant Gonzalez saved over one hundred of the illicitly obtained video files on an SD digital storage card that he kept at his Border Patrol workplace.

21.  Defendant Gonzalez also kept an unknown number of such video files at other locations, including stored on a hard drive for an Apple MacBook computer that he kept at his home and used to edit the videos.

22.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Gonzalez also distributed an unknown number of such video files to others, including on the internet, and Plaintiff is informed and believes that such files continue to exist and to be distributed by others.

//

4

23. Plaintiff is informed and believes, and based thereon alleges, that Does 1-25, or some of them, participated in Defendant Gonzalez's unlawful and illicit making, viewing, saving, publishing, and/or distributing of the videos files discussed above.

24. Plaintiff is informed and believes, and based thereon alleges, that prior to January 9, 2015: (1) Defendant Gonzalez distributed the video files to his co-workers and superiors, including some or all of Doe Defendants 1-25, and that when Gonzalez did so those individuals were acting within the course and scope of their employment; (2) those individuals knew that the video files came from Defendant Gonzalez's secretly recording Plaintiff and other victims as they used the women's restroom; and (3) those individuals participated in watching and/or distributing the video files.

25. On or about January 9, 2015, a female Border Patrol Agent discovered the video camera while she was using the women's restroom.   Shortly thereafter, Defendant Gonzalez spoke to Kathleen Scudder and Rodney Scott, who were both Assistant Chief Border Patrol Agents and were Gonzalez's superiors in the Border Patrol.   Defendant Gonzalez admitted to Agents Scudder and Scott that he hid the video camera in the drain, and he said that he had done so to conduct a drug investigation of his female subordinates on the CIIT, to determine, among other things, whether they were engaged in on-the-job drug use.

26. Agents Scudder, Scott, and Does 1-25, or some of them, began an investigation into Defendant Gonzalez's conduct, but did not seek and execute a search warrant for Defendant Gonzalez's home until nearly three weeks after the video camera was discovered.   Defendant Gonzalez naturally expected that law enforcement officers would seek such a search warrant for his home and property, to look for and retrieve other video images of the victims of his conduct.   In the ample time period that Defendants deliberately afforded to Defendant Gonzalez to hide or destroy evidence before the search warrant was sought and executed, Defendant Gonzalez removed from his home the Apple MacBook hard drive that contained

1   countless illicitly recorded videos of Plaintiff and others, and other evidence, and the
2   whereabouts of those materials is presently unknown, which adds greatly to the
3   emotional distress of Plaintiff and the other victims.

4       27.   Prior to the discovery of the video camera, Defendant Gonzalez
5   complained to his superiors at the Border Patrol, including Defendant Does 1-25 or
6   some of them, about the fact that he was suffering from severe stress and emotional
7   problems and was unfit to continue with his duties on the Border Patrol's CIIT.
8   Those complaints were not addressed by any of the Defendants' superiors, nor by
9   anyone at the Border Patrol, CBP, the Department of Homeland Security, or any of
10  the agencies or subdivisions of Defendant United States.

11      28.   As United States Attorney Laura Duffy aptly put it in a press release,
12  Defendant Gonzalez's conduct was "an assault on the dignity of victims who are left
13  to feel violated, powerless, anxious and unsafe."  Similarly,  FBI Special Agent in
14  Charge Eric S. Birnbaum acknowledged that Defendant Gonzalez's conduct "involves
15  a violation of trust and common decency committed against the victims."

16      29.   Defendants, and each of them, proximately subjected Plaintiff to the
17  unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this
18  complaint.

19      30.   Defendants, and each of them, at all times mentioned in this complaint
20  concurred and contributed to the various acts and omissions of each and every one
21  of the other Defendants in proximately causing the complaints, injuries, and/or
22  damages alleged in this complaint.

23      31.   Defendants, and each of them, at all times mentioned in this complaint
24  approved of, condoned, and/or otherwise ratified each and every one of the acts
25  and/or omissions alleged in this complaint.

26      32.   Defendants, and each of them, at all times mentioned in this complaint
27  aided and abetted the acts and omissions of each and every one of the other
28  Defendants thereby proximately causing the damages alleged in this complaint.

6

33.  As a proximate cause of the Defendants' actions and omissions, Plaintiff has suffered, and continues to suffer, mental and emotional distress, anxiety, humiliation, and fear, and the physical manifestations of such.

## FIRST CAUSE OF ACTION

### [*Bivens* claim under Fourth Amendment to United States Constitution – Against Defendants Gonzalez and Does 1-25]

34.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

35.  Plaintiff has a Fourth Amendment right to be free from unreasonable searches and seizures.  Defendants Gonzalez and Does 1-25, or some of them, violated that right by repeatedly searching a location in which Plaintiff had a reasonable expectation of privacy, and then seizing, saving, and repeatedly viewing the videos of the illicit searches.  Defendants did not have a warrant or adequate legal justification for those searches and seizures.

36.  Defendant Does 1-25, or some of them, are also liable for these constitutional violations because they were aware of, or reasonably should have been aware of, Defendant Gonzalez's unlawful searches and seizures and took no action to protect Plaintiff, ratified the illegal conduct of Defendant Gonzalez, and/or conspired with Defendant Gonzalez to commit and/or cover up his illegal conduct.

37.  As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

38.  In committing the acts alleged above, Defendants Gonzalez and Does 1-25, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

//

## SECOND CAUSE OF ACTION

### [Intrusion into private affairs/invasion of privacy –

### Against Defendants Gonzalez, United States, and Does 1-25]

39.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

40.  Defendants Gonzalez and Does 1-25, or some of them, intentionally and repeatedly intruded upon Plaintiff's reasonable expectation of privacy, in a manner that a reasonable person would find to be highly offensive.

41.  As a result, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

42.  Some, or all, of the above-described actions of Defendants Gonzalez and Does 1-25 were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of those Defendants' employment.

43. In committing the acts alleged above, Defendants Gonzalez and Does 1-25, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### [Public disclosure of private facts – Against Defendants

### Gonzalez, United States, and Does 1-25]

44.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

45. On information and belief, Defendants Gonzalez and Does 1-25, or some of them, publicized the private videos of Plaintiff through distribution to others, including on the internet.

//

8

46. This disclosure would be highly offensive to a reasonable person.

47. Defendants Gonzalez and Does 1-25, or some of them, knew, or acted with reckless disregard of the fact, that a reasonable person in Plaintiff's position would consider the disclosure highly offensive.

48. The private videos were not of legitimate public concern.

49. As a result, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

50. Some, or all, of the above-described actions of Defendants Gonzalez and Does 1-25 were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of those Defendants' employment.

51. In committing the acts alleged above, Defendants Gonzalez and Does 1-25, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**[Negligence – Against Defendants Gonzalez,**

**United States, and Does 1-25]**

52. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

53. In committing and permitting to be permitted the acts set out above, Defendants Gonzalez and Does 1-25, or some of them, were negligent, in that they acted, or failed to act, as a reasonable person would in a similar situation.

54. These Defendants' negligence was a substantial factor in causing harm to Plaintiff, and as a result Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

//

55.  Some, or all, of the above-described actions of Defendants Gonzalez and Does 1-25 were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of those Defendants' employment.

56.  In committing the acts alleged above, Defendants Gonzalez and Does 1-25, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

**[Negligent hiring, supervision, or retention of employee –**

**Against Defendants Gonzalez, United States, and Does 1-25]**

57.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

58.  Defendants had a duty to properly screen, hire, train, retain, supervise, report, monitor, investigate, control, and, if appropriate, discipline or cease the employment of Defendant United States' employees, including Defendant Gonzalez. This duty was particularly significant where, as here, some of the Defendants were given supervisory roles.

59.  Defendants' duties in this regard were mandated by various policies and regulations, including: the United States Constitution; 5 C.F.R. §731 *et seq*.; 5 C.F.R. §2635 *et seq*.; DHS and CBP Management Directives, including the CBP's *Standards of Conduct*, Directive No. 51735-013A, and *Integrity and Personal Accountability Strategy*; CBP's *Security Policy and Procedures Handbook*; and other internal hiring, supervising, and discipline regulations, policies, procedures, and guidelines.

60. Defendant United States, acting through Defendant Gonzalez's co-workers and superiors who, prior to January 9, 2015, knew of Gonzalez's secret recordings and participated in watching and/or distributing them, had no discretion to allow

10

Gonzalez to continue to exploit Plaintiff and others.  The other Defendants likewise did not have such discretion.

61.  Prior to January 9, 2015, the Defendants were also aware that Defendant Gonzalez was, or had become, unfit to perform the work for which he was hired and employed, and that Defendant Gonzalez's unfitness created a risk to others.

62.  The Defendants breached their duty to Plaintiff by failing to properly screen, hire, train, retain, supervise, report, discipline, monitor, control, and/or cease the employment of Defendant Gonzalez.

63.  As a result of these acts and omissions, which involved highly personal wrongs, Plaintiff suffered injuries and harm and is entitled to general and compensatory damages in an amount to be proven at trial.

64.  Some, or all, of the above-described actions of Defendants were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of the Defendants' employment.

65.  In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### [Negligent infliction of emotional distress – Against Defendants Gonzalez, United States, and Does 1-25]

66.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

67.  Prior to January 9, 2015, Plaintiff's co-workers and superiors, including some or all of Defendant Does 1-25, were aware of Defendant Gonzalez's conduct surrounding making, saving, and distributing the videos referred to above, but did not to any steps to report, investigate, or stop such conduct.

11

68.  After the discovery of the video camera on January 9, 2015, Plaintiff's co-workers and superiors, including some or all of Defendant Does 1-25, were aware of Defendant Gonzalez's wrongful conduct discussed above but did not take reasonable steps to report, investigate, or stop such conduct.

69.  Plaintiff's co-workers and superiors who were aware of Defendant Gonzalez's conduct, including Defendants Does 1-25 or some of them, had a special relationship with, and duty to, Plaintiff due to (1) their employment relationship with her, and (2) their having undertaken some steps after January 9, 2015 to investigate Defendant Gonzalez's wrongful conduct discussed above, which investigation was made known to, and relied on, by Plaintiff.

70.  Defendants were negligent in failing to investigate or seeking to stop Defendant Gonzalez's conduct both prior to January 9, 2015 and after the video camera was discovered on January 9, 2015.  Based on their special relationship with Plaintiff, and the laws, regulations, and policies mentioned in paragraph 59 above, Defendants had a mandatory duty to take reasonable steps to investigate and stop Defendant Gonzalez's unlawful and illicit conduct.

71. The Defendants' negligence was a substantial factor in causing Plaintiff to suffer serious emotional distress, and caused injuries and damages for which she is entitled to general and compensatory damages in an amount to be proven at trial.

72.  Some, or all, of the above-described actions of Defendants were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of those Defendants' employment.

73.  In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

//

## SEVENTH CAUSE OF ACTION

### [Intentional infliction of emotional distress – Against
### Defendants Gonzalez, United States, and Does 1-25 ]

74.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

75.  The conduct of Defendants Gonzalez and Does 1-25, or some of them, was outrageous, and by  engaging in that conduct those Defendants intended to cause, or acted with reckless disregard to the likelihood and probability that Plaintiff would suffer, severe emotional distress.

76.  As a result of the Defendants' intentional, malicious, and reckless conduct, Plaintiff suffered, and continues to suffer, severe emotional distress, entitling her to general and compensatory damages in an amount to be proven at trial.

77.  Some, or all, of the above-described actions of Defendants Gonzalez and Does 1-25 were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of those Defendants' employment.

78. In committing the acts alleged above, Defendants Gonzalez and Does 1-25, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### [Cal. Civ. Code §52.1 – Against Defendants
### Gonzalez, United States, and Does 1-25 ]

79.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

80.  Through  threats,  intimidation,  and/or  coercion  Defendants violated Plaintiff's:  (1) right to privacy under the common law, Article I, Section 1 of the

13

California Constitution, and California statutory law, *see, e.g.*, Cal. Penal Code §§630 *et seq.*, §647; and (2) right to be free from unlawful imprisonment, searches, and seizures under the common law, Article I, Section 13 of the California Constitution, and California statutory law, *see, e.g.*, Cal. Penal Code §§630 *et seq.*, §647. These violations entitle Plaintiff to recover general, compensatory, and statutory damages under California Civil Code §§52.1 and 52.

81. Some, or all, of the above-described actions of Defendants were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of those Defendants' employment.

82. In committing the acts alleged above, Defendants Gonzalez and Does 1-25, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

**[Recording of private and confidential information, Cal. Penal Code §§632, 637.2, 647 – Against Defendants Gonzalez, United States, and Does 1-25]**

83. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

84. Defendants Gonzalez and Does 1-25, or some of them, intentionally recorded Plaintiff's communications and private actions using an electronic device, without Plaintiff's consent.

85. Plaintiff had a reasonable expectation that the communications and private actions were not being recorded.

86. As a result, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

//

14

87. Some, or all, of the above-described actions of Defendants Gonzalez and Does 1-25 were committed within the course and scope of their employment, and under the Federal Tort Claims Act the United States is liable for those actions committed within the course and scope of those Defendants' employment.

88. In committing the acts alleged above, Defendants Gonzalez and Does 1-25, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general and compensatory damages, in an amount to be proven at trial;

2. For exemplary and punitive damages, in an amount to be proven at trial;

3. For treble damages, as provided by law;

4. For incidental damages;

5. For special damages;

6. For civil penalties, as provided by law;

7. For prejudgment interest, as provided by law;

8. For costs of suit herein, including reasonable attorneys fees; and

9. For such other relief and damages to which Plaintiff is entitled pursuant to state or federal law.

Dated: December 27, 2016          /s/ *Todd W. Burns*
                                  Attorney for Border Patrol Agent Anonymous

//
//
//

15

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action, to the extent permitted by law.

Dated:  December 27, 2016           /s/ *Todd W. Burns*
                                    Attorney for Border Patrol Agent Anonymous

16

**CERTIFICATE OF SERVICE**

Counsel for Plaintiff certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon counsel for Defendants United States and Jeh Johnson in this case via ECF/NEF.

Furthermore, a copy was served on Defendant Armando Gonzalez on December 28, 2016, by placing said copy in first class United States mail addressed to Armando Gonzalez, Reg. No. 49439-298, FCI Terminal Island, P.O. Box 3007, San Pedro, CA 90733. A copy was also sent to Mr. Gonzalez's counsel, Gretchen Von Helms, via email at gvh@ronisandronis.com.

Dated: December 27, 2016          */s/ Todd W. Burns*
                                  Attorney for Plaintiff
                                  1350 Columbia Street, Suite 600
                                  San Diego, California, 92101
                                  Phone: 619-236-0344
                                  Fax 619-768-0333
                                  Email: todd@burnsandcohan.com