# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORDER PATROL AGENT ANONYMOUS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, JOHN F. KELLY, ARMANDO GONZALEZ AND DOES 1-25,<br><br>Defendants. | Case No.: 16-cv-0725 W (BLM)<br>[Related to 16-cv-0374, 16-cv-0750, 16cv0797]<br><br>**ORDER GRANTING IN PART AND DENYING IN PART FEDERAL DEFENDANTS' MOTION TO DISMISS [DOC. 24]** |

Pending before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants United States of America and John F. Kelly, Secretary of the Department of Homeland Security (collectively, "Federal Defendants"). Plaintiff opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court grants in part and denies in part Federal Defendants' motion to dismiss [Doc. 24].

1

## I. BACKGROUND

From approximately December 2012 until December 2014, Plaintiff Agent Anonymous worked as a member of the U.S. Border Patrol's Critical Incident Investigative Team ("CIIT") in the Chula Vista, California station. (*First Amended Compl.* ("FAC") [Doc. 23] ¶ 11.) Defendant Armando Gonzalez, also a U.S. Border Patrol agent, directly supervised Plaintiff during those two years. (*Id.*)

Plaintiff alleges that the CIIT office had one women's restroom that doubled as a changing room for female agents, which Plaintiff used every work day. (*FAC* ¶ 12.) On January 9, 2015, a female Border Patrol agent discovered a video camera in a drain in the restroom. (*Id.* ¶ 25.) Plaintiff alleges the video camera recorded private and sensitive images of her and several other law enforcement officers using the restroom. (*Id.* ¶ 18.)

Shortly after the discovery of the video camera, Gonzalez told two Assistant Chief Border Patrol Agents, who were his supervisors, that he hid the video camera in order to conduct a drug investigation of his female subordinates. (*FAC* ¶ 25.) Gonzalez's supervisors began an investigation into his conduct. (*Id.* ¶ 26.) Approximately three weeks later, law enforcement officers searched Gonzalez's home and property to retrieve the video images. (*Id.*) Gonzalez was eventually arrested, charged, and pled guilty to making false statements to a federal officer in violation of 18 U.S.C. § 1001(a) and for video voyeurism in violation of 18 U.S.C. § 1801. (*See Dismissal Order* [Doc. 22] 2:24–26, citing *Fed. Defs. RJN* [Doc. 21-1] Ex. A.)

On March 27, 2016, Plaintiff filed this lawsuit alleging a variety of tort claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) & 2671, *et seq*. ("FTCA"), and employment discrimination under federal and state laws. (*See Compl.*) On December 14, 2016, this Court denied in part and granted in part Federal Defendants' motion to dismiss the Complaint. (*See Dismissal Order*.)

On December 27, 2016, Plaintiff filed the First Amended Complaint. (*See FAC.*) Federal Defendants now move to dismiss the Fourth cause of action for negligence, the Eighth cause of action for violation of California Civil Code § 52.1, the Ninth cause of

action for violation of California Penal Code §§ 632 & 637.2, and Defendant John F. Kelly as secretary of the Department of Homeland Security. (*MTD* [Doc. 24] 1:9–2:2.) Plaintiff opposes the motion to dismiss the various causes of action, but does not oppose the motion to dismiss Secretary Kelly. (*See Opp'n* [Doc. 25] 2:2.)

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(1)

Rule 12(b)(1) provides a procedural mechanism for a defendant to challenge subject-matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Where jurisdiction is intertwined with the merits, we must assume the truth of the allegations in a complaint unless controverted by undisputed facts in the record." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks, brackets, ellipsis and citations omitted).

A facial attack challenges the complaint on its face. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). But when the moving party raises a factual challenge to jurisdiction, the court may look beyond the complaint and consider extrinsic evidence, and "need not presume the truthfulness of the plaintiff's allegations." See id. Once the defendant has presented a factual challenge under Rule 12(b)(1), the burden of proof shifts to the plaintiff to "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id.

### B. Motion to Dismiss Under Rule 12(b)(6)

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.

3

Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. The FAC fails to plead a negligence cause of action.

Federal Defendants argue Plaintiff's fourth cause of action for negligence fails to set forth sufficient facts to state a claim. Specifically, they argue the FAC "does not allege any supposed negligent acts by Gonzalez that would be imputed to the United States under the scope of employment doctrine since Plaintiff repeatedly alleges the intentional nature of Gonzalez's conduct in installing and concealing the video camera." (*P&A* [24-1] 6:6–9.) Plaintiff raises two arguments in opposition.

First, Plaintiff contends the Federal Defendants' challenge is precluded by the law-of-the-case doctrine because the Dismissal Order "stated that dismissal of the negligence cause of action was 'not appropriate' because it 'appears based, at least in part, on Gonzalez's conduct…." (*Opp'n* [Doc. 25] 2:14–15.) As an initial matter, Plaintiff fails

4

16-cv-0725 W (BLM)
[Related to 16-cv-0374, 16-cv-0750, 16cv0797]

to support this argument with any discussion or explanation of the doctrine, much less any analysis applying the doctrine to this case. Because Plaintiff has failed to explain how or why the doctrine applies, the Court rejects Plaintiff's attempt to invoke the law-of-the-case doctrine.

Moreover, Plaintiff's argument takes the cited language from the Dismissal Order out of context. The language was in a footnote at the end of a section addressing Federal Defendants' argument that the Court lacked subject-matter jurisdiction over certain claims. (*Dismissal Order* 8:19–12:4.) Specifically, Federal Defendants argued certain causes of action should be dismissed because Gonzalez's supervisors/co-workers' negligence "in hiring, supervising, and/or retaining Defendant Gonzalez" and their "response to the discovery of the video camera" involved discretionary acts for which the United States did not waive sovereign immunity. (*Id.* 819–24.) Although the Court generally agreed with Federal Defendants' argument, in a footnote the Dismissal Order pointed out that because some of the challenged causes of action "appear[ed]" to be based, "at least in part, on Gonzalez's conduct"—as opposed to his supervisors/co-workers' discretionary acts—dismissal under the discretionary-function doctrine was not appropriate. (*Id.* at 12, n 3.) In short, the Dismissal Order did not find that the negligence cause of action was sufficiently pled. Accordingly, the law-of-the-case doctrine does not apply.

Second, Plaintiff argues the negligence cause of action is sufficiently pled and points to paragraph 23–25 of the FAC as support. These paragraphs allege:

> 23. Plaintiff is informed and believes, and based thereon alleges, that Does 1-25, or some of them, participated in Defendant Gonzalez's unlawful and illicit making, viewing, saving, publishing, and/or distributing of the videos files discussed above.
>
> 24. Plaintiff is informed and believes, and based thereon alleges, that prior to January 9, 2015: (1) Defendant Gonzalez distributed the video files to his co-workers and superiors, including some or all of Doe Defendants 1-25, and that when Gonzalez did so those individuals were acting within the course and scope of their employment; (2) those individuals knew that the

5

> video files came from Defendant Gonzalez's secretly recording Plaintiff and other victims as they used the women's restroom; and (3) those individuals participated in watching and/or distributing the video files.
>
> 25. On or about January 9, 2015, a female Border Patrol Agent discovered the video camera while she was using the women's restroom. Shortly thereafter, Defendant Gonzalez spoke to Kathleen Scudder and Rodney Scott, who were both Assistant Chief Border Patrol Agents and were Gonzalez's superiors in the Border Patrol. Defendant Gonzalez admitted to Agents Scudder and Scott that he hid the video camera in the drain, and he said that he had done so to conduct a drug investigation of his female subordinates on the CIIT, to determine, among other things, whether they were engaged in on-the-job drug use.

(*FAC* ¶¶ 23–25.) Plaintiff then asserts that based on these allegations, the "Court could conclude that this supports liability under a negligence standard but not under a more stringent standard." (*Opp'n* 3:19–20.)

But none of the facts alleged in the cited paragraphs remotely support a negligence cause of action against Gonzalez or his co-workers/superiors. Paragraph 24 explicitly alleges Gonzalez's co-workers/supervisors *knew* the videos were from Gonzalez's *secret* recordings of the female agents, and they nevertheless watched and/or distributed the videos. Such conduct is intentional, not negligent. Moreover, other allegations in the FAC confirm Gonzalez acted intentionally. For example, Plaintiff specifically alleges Gonzalez placed the camera in the drain "*intending* to capture video of the women Border Patrol Agents…." (*FAC* ¶ 14, emphasis added.) Later, Plaintiff alleges "Gonzalez ordered Plaintiff to do things, such as change into her Border Patrol uniform or to leave the station for work assignments, so that he had the unencumbered opportunity to place the video camera in the drain, capture video images of Plaintiff, retrieve the video camera from the drain, or view and distribute the captured video images." (*Id.* ¶ 16.) These allegations only support an inference that Gonzalez acted intentionally, not negligently.

Finally, Plaintiff requests leave to amend the negligence cause of action based on the fact that she has only been given leave to amend once before. (*Opp'n* 4:8–11.) But

6

16-cv-0725 W (BLM)
[Related to 16-cv-0374, 16-cv-0750, 16cv0797]

as addressed above, the FAC's allegations are inconsistent with a theory that Gonzalez or his supervisor's conduct in the surreptitious recording, viewing and/or disseminating the videos was the result of negligence. Nor has Plaintiff provided any hint in the opposition as to the basis for a negligence cause of action given those allegations. Moreover, Plaintiff was warned in the Dismissal Order about the lack of clarity regarding the negligence cause of action. The order remarked that the Complaint was "not clear" regarding the basis for the negligence causes of action, and further that Plaintiff's opposition to the motion to dismiss was "less than candid" in clarifying the basis for the claims. (*Dismissal Order* at 12, n 3.) Despite that warning, Plaintiff's FAC and current opposition fail to offer any clarity as to the basis for a negligence claim. Accordingly, leave to amend is not warranted.

### B. The FTCA constitutes a waiver of sovereign immunity for Plaintiff's causes of action premised on California statutory violations.

Federal Defendants seek to dismiss Plaintiffs' causes of action for violation of California Civil Code § 52.1 (the Bane Act) and California Penal Code §§ 632 & 637.2. Federal Defendants argue the United States' sovereign immunity waiver in the FTCA only applies to torts claims, and does not encompass those statutory violations:

> As its name indicates, however, the Federal Tort Claims Act waives the United States sovereign immunity for "*tort claims*." 28 U.S.C. § 2674 (emphasis added); *F.D.I.C. v. Meyer*, 510 U.S. at 477; *Colony First Fed. Sav. & Loan Ass'n v. Fed. Sav. & Loan Ins. Corp.*, 643 F. Supp. 410, 416 (C.D. Cal. 1986) ("The FTCA is a limited waiver of sovereign immunity with respect to claims sounding in tort"). Conversely, claims not "sounding in tort," such as civil rights claims, are not cognizable under the FTCA.

(*P&A* 7:25–8:5.) Although not entirely clear, this argument appears to be premised on the notion that the FTCA does not encompass statutory violations. The Court disagrees for several reasons.

7

16-cv-0725 W (BLM)
[Related to 16-cv-0374, 16-cv-0750, 16cv0797]

First, Federal Defendants' argument is inconsistent with Ninth Circuit authority. In Lu v. Powell, 621 F.3d 944 (9th Cir. 2010), the Ninth Circuit explicitly characterized a Bane Act claim as a type of "tort" and allowed plaintiff to pursue the violation under the FTCA. Id. at 950. Similarly, in Santillo v. United States, 2011 WL 2729243, plaintiff filed an FTCA claim predicated on a Bane Act violation, among others. However, plaintiff failed to comply with the FTCA's two year statute of limitations. In direct contrast to its position now, the United States argued that the Bane Act claim "falls within the scope of the FTCA and thus is untimely under the FTCA's two year statute of limitations." Id. at *3. The court agreed and dismissed the case. Id.; see also Lincoln v. Tuso, 1996 W 708592 (N.D. Cal. 1996) (dismissing claim for violation of California Civil Code §§ 51.7, 52 & 52.1 for failure to comply with FTCA's administrative claim requirement). These cases not only support a finding that the FTCA constitutes a sovereign immunity waiver for Bane Act claims, but also that the FTCA encompasses state-statutory violations. See also Jones v. United States, 773 F.2d 1002, 1003 (9th Cir. 1985) ("[S]tatutory and decisional law governs the determination of the United States' liability under the FTCA.").

Second, the language of the FTCA is sufficiently broad to encompass Plaintiff's statutory claims. In F.D.I.C. v Meyer, 510 U.S. 471, 477 (1994), the Supreme Court explained that in order to fall within the scope of the FTCA, plaintiff's claim must satisfy six conditions. The claim must be,

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id. (citing 28 U.S.C. 1346(b)) (brackets in original). Courts have interpreted the "negligent or wrongful act or omission" language to "encompass both negligent and intentional torts." Waters v. United States, 812 F.Supp. 166, 169 (N.D. Cal. 1993) (citing

Hatahley v. United States, 351 U.S. 173, 181 (1956)). The "FTCA has also been interpreted to encompass both statutory and common law torts." Id. (citing Jones v. United States 773 F.2d 1002, 1003 (9th Cir. 1985)).

Here, Plaintiff's statutory violation claims satisfy each of the six elements. Her claims are against the United States, and seek money damages for personal injuries. Additionally, Plaintiff's injuries were allegedly caused by conduct deemed wrongful under California law (i.e., the Bane Act and Penal Code), by a government employee allegedly acting in the scope of employment, and under circumstances where the United States, if a private person, would be liable.

Third, the cases cited by Federal Defendants do not support their position that the FTCA does not apply to Plaintiff's Bane Act and Penal Code claims. Neither Meyer, 510 U.S. 471, nor Colony First Federal Saving & Loan Association v. Federal Saving and Loan Insurance Corporation, 643 F. Supp. 410 (C.D. Cal. 1986), support the proposition that state-statutory violations are outside the scope of the FTCA. Meyer involved a federal constitutional violation (not a state statutory violation), and the Supreme Court held the FTCA's phrase, "in accordance with the law of the place where the act or omission occurred," means the "law of the State—the source of substantive liability under the FTCA." Id. 510 U.S. at 477. Colony First Federal Saving & Loan Association, held plaintiff could not proceed on its tort claims because of the discretionary-function exception to the FTCA, not because the claims were based on state statutes. Id. 643 F. Supp. at 416–417.

Federal Defendants reliance on Stringer v. White, 2008 WL 344215 (N.D. Cal. 2008), is misplaced because the case involved a disability-discrimination claim *under federal law* (i.e., the ADA) and, therefore, under Meyer does not fall within the FTCA's scope. Moreover, assuming the district court is correct that a disability-discrimination claim is not a tort, Plaintiff is not alleging violation of a state disability discrimination statute, and Lu and Santillo are, therefore, more analogous to this case.

9

Finally, to the extent Williams v. Federal Deposit Insurance Corp., 2009 WL 1209029 (N.D. Ill. 2009) and Munyua v. United States, 2005 WL 43960 (N.D. Cal. 2005), stand for the proposition that the FTCA does not apply to claims premised on state civil rights statutes, the district court cases are contrary to the Ninth Circuit's decision in Lu. Moreover, in Munyua, the court's dismissal of the Bane Act claim was based on its concern "of allowing Plaintiff to make what amounts to a claim based on *federal constitutional violations* that cannot be a basis of liability under the FTCA." Id. at 2005 WL 43960, *12 (emphasis added) (citing Meyer, 510 U.S. 471 at 477–478).

For these reasons, the Court finds the United States' waiver of sovereign immunity in the FTCA encompasses Plaintiff's causes of action for violation of the Bane Act and California Penal Code §§ 632 & 637.2.[1]

## IV. SUMMARY & CONCLUSION

For the foregoing reasons, the Court **GRANTS** Federal Defendants' motion to dismiss [Doc. 24] Secretary Kelly and the negligence cause of action without leave to amend, and **DENIES** the motion as to the remaining causes of action.

**IT IS SO ORDERED**.

Dated: April 25, 2017

Hon. Thomas J. Whelan
United States District Judge

---

[1] Federal Defendants also seek to dismiss the causes of action as duplicative of other claims. (*P&A* 8:6–9.) The only purported legal support for the argument, McAuliffe v. U.S. Dept. of Veterans Affairs, 2007 WL 2123690 (N.D. Cal. 2007), was cited in Federal Defendants' reply brief. (*Reply* 5:2–3.) McAuliffe's application to this case is far from clear, and Federal Defendants offer no meaningful discussion of how McAuliffe assists them. For this reason, the Court is not persuaded that Plaintiff's Bane Act and Penal Code claims should be dismissed as duplicative.